MARLENE JAFARI, APPELLEE, V. LAFI I. JAFARI,
APPELLANT.
284 N. W. 2d 554

Filed October 23, 1979.  No. 42322.

Robert G. Decker, for appellant.

Michael J. Dugan of Costello & Dugan and Terry M. Anderson of Lathrop, Albracht & Swensen, for appellee.

Heard before BOSLAUGH, CLINTON, WHITE, and HASTINGS, JJ., and KORTUM, District Judge.

KORTUM, District Judge.

The petitioner, Marlene Jafari, filed an application seeking permission of the District Court to remove the minor children of the parties to Sioux Falls, South Dakota.  The petitioner was the custodial parent pursuant to a prior decree of dissolution.  The

respondent, Lafi I. Jafari, filed an objection to this application and additionally filed a cross-application seeking custody of the children.

The trial court found that, although both parties were fit and proper parents, the best interests of the children would be served by continuing custody in the petitioner and granting the application of the petitioner to take the children to South Dakota with her.

The respondent-appellant sets forth numerous assignments of error but essentially alleges that the findings and judgment of the trial court are not sustained by competent evidence and are contrary to the best interests of the minor children, and that the trial court failed to enforce the provisions of the joint stipulation between the parties which was incorporated into the original decree of dissolution.

The marriage of the parties was dissolved in September of 1977. Pursuant to this decree, the custody of the two minor children, now ages 4 and 10, was awarded to the petitioner. The parties agreed to liberal visitation rights for the respondent.

Between September 1977 and July 1978, both parties hereto spent considerable time with the children. The parties occupied houses directly across the street from each other and, consequently, the children frequently went back and forth between the parents and often stayed overnight with the respondent.

Because the respondent's business did not require regular office hours, he saw the children nearly every day and ate numerous meals with them. In July 1978, the petitioner moved to an apartment and the respondent continued to see the older child on nearly a daily basis and the younger child less frequently.

At the time of the dissolution decree the petitioner was employed in the training program of the Comprehensive Employment and Training Agency

(CETA). Because there appeared to be little chance for advancement for her, the petitioner determined to accept a post in South Dakota to supervise a similar type of program. The new position offered a small increase in salary and additionally offered the petitioner increased potential for career and salary advancement.

The petitioner testified that her new living arrangements and school situation were equal or superior to the ones in Omaha. There was no testimony advanced by the respondent that the children would suffer any substantial disadvantage by the move or that the petitioner was unfit or unable to continue as custodial parent. The main thrust of respondent's testimony was directed toward the guidance and assistance he would be able to provide the children if they were to remain in Omaha.

The general rule in cases where a custodial parent wishes to leave the jurisdiction for any legitimate reason is that the minor children will be allowed to accompany the custodial parent if the court finds it to be in the best interests of the children to continue to live with that parent.

In Campbell v. Campbell, 156 Neb. 155, 55 N. W. 2d 347, this court held: "In a divorce case it is generally the best policy to keep minor children within the jurisdiction of the court. However, the welfare of the child should receive the paramount consideration in the determination thereof and this policy should yield to the best interests of the child." See, also, Erks v. Erks, 191 Neb. 603, 216 N. W. 2d 742.

The trial court, after consideration of the facts as set forth in section 42-364, R. R. S. 1943, found that the best interests and welfare of the children would be served by continuing custody in the petitioner and allowing the children to accompany petitioner to South Dakota.

The trial court was able to see and hear the witnesses. The discretion of the trial court is subject to

review. Its determination, however, will not be disturbed on appeal unless there is a clear abuse of discretion or it is clearly against the weight of the evidence. The record in this case does not show either. See Allen v. Allen, 198 Neb. 544, 253 N. W. 2d 853.

The respondent assigns as error the failure of the trial court to enforce the provisions of the original stipulation between the parties relating to custody, support, and visitation. The law in this jurisdiction is quite clear in this regard. "The disposition of minor children and provisions for their support in an action where a divorce is granted is not controllable by agreement of the parties but by the court on the facts and circumstances as disclosed to it." Koser v. Koser, 148 Neb. 277, 27 N. W. 2d 162.

The order of the trial court is well within its discretion and is affirmed.

AFFIRMED.