WILMA LAURA MURDOCH, APPELLANT, V. JOHN WILLIAM MURDOCH, APPELLEE.

292 N. W. 2d 795

Filed May 28, 1980. No. 42826.

Stanley D. Cohen, for appellant.

William W. Griffin, for appellee.

Heard before KRIVOSHA, C. J., BRODKEY, WHITE, and HASTINGS, JJ., and CAPORALE, District Judge.

KRIVOSHA, C. J.

Appellant, Wilma Laura Murdoch, appeals from an order of the District Court for Holt County, Nebraska, denying her petition to modify a decree previously entered by the District Court for Holt County, Nebraska, as to custody of one of the minor children of the parties and from a further order of the court suspending Wilma's rights of visitation with the minor children until further order of the court. Wilma assigns three specific errors. She maintains that: (1) The trial court erred in failing to disqualify itself on application by Wilma; (2) The trial court abused its discretion in failing to modify the decree as to custody of one of the minor children of the parties, Jennifer Murdoch; and (3) The trial court abused its discretion in suspending Wilma's rights of visitation of all the children, including Jennifer. We have reviewed the files and records in this case and conclude that the assignments are without merit and that the action of the District Court should be affirmed.

The parties have previously been before this court and the facts underlying the ultimate dissolution of the marriage are set out in detail in that case and need not be repeated here. See *Murdoch v. Murdoch,* 200 Neb. 429, 264 N.W.2d 183 (1978). The instant action was commenced by Wilma seeking to have the decree modified to provide that she receive permanent custody of Jennifer, who had previously been awarded to her former husband, John William Murdoch. The evidence, as presented to us, indicates that following the initial decree the parties continued to have difficulty concerning the custody of the children and visitation by Wilma. The record reflects further that, at some point in time subsequent to the entry of the initial decree, John was transferred by his employer to Red Deer, Alberta, Canada, and, before moving, made application to and obtained permission of the District Court to re-

move Jennifer with him to Canada. Wilma continued to exercise reasonable rights of visitation during the summer as specifically prescribed by the trial court. The record reflects, however, that on each instance that Jennifer came to visit Wilma, there was difficulty in obtaining her return to John. The court was aware and mindful of this problem and the traumatic effect it was having on Jennifer.

Little purpose would be served in either this case or any case in the future to detail all the claims made by Wilma concerning the care and custody of Jennifer. Suffice it to say that there is a conflict in the evidence. We cannot, as a matter of law, say that the trial court's conclusions were either incorrect or constituted an abuse of discretion. In reviewing this matter we are bound by certain principles of law heretofore declared by this court, including the legal principle that, in the determination of custody and visitation matters, the primary concern is the best interests of the children. *Casper v. Casper,* 198 Neb. 615, 254 N.W.2d 407 (1977); *Young v. Young,* 195 Neb. 163, 237 N.W.2d 135 (1976). Likewise, a decree fixing custody of minor children will not be modified unless there has been a change in circumstances indicating that the person having custody is unfit for that purpose or that the best interests of the children require such action. The determination of the trial court with respect to changing the custody of minor children will not ordinarily be disturbed unless there is a clear abuse of discretion or it is clearly against the weight of the evidence. See, *Bokelman v. Bokelman,* 202 Neb. 17, 272 N.W.2d 916 (1979); *Carper v. Rokus,* 194 Neb. 113, 230 N.W.2d 468 (1975). As we have indicated, our examination of the record does not satisfy any of the requirements for reversing the judgment of the trial court refusing to modify the custody of Jennifer. On that basis, therefore, we must accept as proper the action of the trial court and affirm the judgment

in that regard.

We turn next to Wilma's next assignment of error, namely that the trial court should have disqualified itself because it could not be fair and impartial. Our reading of the record indicates to us quite the contrary. Notwithstanding the fact that Wilma and her counsel repeatedly attempted to incite the trial court, it refused to accept the bait. If anything, it may be said that the trial court displayed the patience of Job. We have recently said that a trial judge's overruling of a motion for change of judge on the ground of his bias and prejudice will be affirmed on appeal unless the record establishes bias or prejudice as a matter of law. See *State v. Costello,* 199 Neb. 43, 256 N.W.2d 97 (1977). An examination of the record fails to disclose how or in what manner the trial court was either biased or prejudiced in this matter as a matter of law. There is simply no evidence of any bias or prejudice. The assignment is totally frivolous and without merit.

We turn then to the last assignment. The trial court, on John's motion, suspended Wilma's rights of visitation until further order of the court.

The trial court concluded that Wilma would not cooperate insofar as visitation was concerned and would continue to require John to bring legal proceedings after each visitation. Further, the court felt that Wilma and her current husband would pursue a practice of attempting to alienate the children from John and would attempt to instill a false fear and dislike in the children for John and his current wife. We cannot say that the record would not justify such a view. Quite to the contrary, such a conclusion by the trial court was reasonable under the circumstances. The record indicates, and it was conceded at the time of argument, that John's employment in Canada was only temporary and that he and the children would be returning to Nebraska soon. While we believe that the matter of suspend-

ing complete visitation of a parent with a child is an extreme measure and should not often or lightly be done, we do believe that the record in this case, under the specific facts, would support the trial court's action. The right of visitation is subject to continuous review by the court under Neb. Rev. Stat. § 42-364 (Reissue 1978), and if and when John and the children return to Nebraska, Wilma may once again, if she desires, petition the court for the right to exercise visitation with some or all of the children. It is apparent, however, that the trial court could not rely upon Wilma to return the children to Canada and, therefore, was unwilling to take any further chances in that regard.

For these reasons, we believe that the judgment of the trial court in each and every respect was correct and should be affirmed.

AFFIRMED.