KEITH ARNOLD GOTTSCHALL, APPELLANT, V.
LOUISE LYNN GOTTSCHALL, APPELLEE.

316 N.W.2d 610

Filed February 26, 1982. No. 43873.

Frank J. Skorupa of Johnson & Skorupa for appellant.

Raymond E. Baker and David A. Beck of Baker & Beck, P.C., for appellee.

Heard before BOSLAUGH and WHITE, JJ., and BUCKLEY and CANIGLIA, District Judges, and RONIN, Retired District Judge.

CANIGLIA, District Judge.

This is an appeal by petitioner from an order of the District Court granting the respondent's application to remove the three minor children of the parties from the State of Nebraska to the State of Louisiana. The trial court found that it was in the best interests of the children to grant the respondent's application for removal.

The parties generally agree on the law governing the issues in this case. The law contemplates visitation by the noncustodial parent within the state. See, *Bauer v. Bauer*, 184 Neb. 777, 172 N.W.2d 231 (1969); *Prell v. Prell*, 181 Neb. 504, 149 N.W.2d 104 (1967). It is the best policy to keep the children within the jurisdiction of this state unless the best interests of the children

demand otherwise. See, *Caporale v. Hale,* 169 Neb. 751, 100 N.W.2d 847 (1960); *Campbell v. Campbell,* 156 Neb. 155, 55 N.W.2d 347 (1952). Whether the custodial parent should be allowed to remove the children to another state depends upon what is in the best interests of the children. See, Neb. Rev. Stat. § 42-364(1) (Reissue 1978); *Jafari v. Jafari,* 204 Neb. 622, 284 N.W.2d 554 (1979); *Campbell v. Campbell, supra.* The trial court, after hearing evidence, entered an order granting the respondent the right to remove the children.

A review of the evidence heard by the trial court and upon which the trial court based its judgment discloses the following facts: The marriage between the parties was dissolved on March 13, 1980; all three of the children were under 10 years of age; the petitioner exercises his visitation regularly, and has met his support obligations; respondent intends to remarry; her fiance is an ironworker whose income will permit the respondent to remain at home with the children; the children would be housed in an adequate, comfortable, three-bedroom trailer in La Place, Louisiana; the trailer home is within 5 or 6 blocks of the public schools the children would be attending; the children would remain in the same church; and respondent would agree to modification of the visitation schedule. The respondent's future husband is a union ironworker, 24 years of age at the time of trial, and a high school graduate with 1½ years of college. He has on occasion babysat with the children; enjoys their company; plays games with them; shows them love; has bought them clothing; and has a good relationship with the children and is ready to settle down.

Having reviewed all the evidence de novo, as we are required to do, we find no abuse of discretion of the trial court in granting the application to remove the children. At the hearing the petitioner did not testify in his behalf. He apparently was unwilling or unable to undertake the responsibility of custody. We do not feel

that an award of custody to a parent should be interpreted as a sentence to immobilization.

We affirm the findings of the trial court that under these circumstances it is in the best interests of the children to remain in the custody of their mother and to remove them to the State of Louisiana. Respondent is allowed a fee of $300 for legal services in this court, and the costs are assessed against the petitioner.

AFFIRMED.