ALICE A. BOLL, APPELLANT AND CROSS-APPELLEE, V. GEORGE P. BOLL II, APPELLEE AND CROSS-APPELLANT.

363 N.W.2d 542

Filed March 8, 1985.   No. 84-274.

Bruce H. Abrahamson of Gunderson, Abrahamson & Grewe, for appellant.

Steven J. Lustgarten of Lustgarten & Roberts, P.C., for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an appeal by the petitioner, Alice A. Boll, from an order of the district court denying her petition to remove the parties' minor child from Omaha, Nebraska, to Knoxville, Tennessee. The respondent, George P. Boll II, cross-appeals on the order of the district court denying his cross-petition seeking custody of the minor child.

The marriage of the parties was dissolved on October 25, 1982. At that time petitioner was awarded custody of their minor child, George P. Boll III, subject to respondent's visitation rights. At the time of the divorce petitioner was unemployed and had no skills other than as a waitress. To better support herself and the minor child of the parties, the petitioner enrolled in the Omaha College of Health Careers and obtained

a certificate as an EEG technologist. Unable to find a position in her field in the Omaha area, the petitioner sought employment elsewhere and eventually found a position as an EEG technologist in Knoxville, Tennessee. The district court granted her permission to temporarily remove the child to Tennessee until the full hearing on the petition was held to decide the matter.

Following the full hearing, the trial court ordered that the minor child not be removed from the court's jurisdiction and that custody remain in the petitioner.

The petitioner assigns as error the finding of the district court that it would be in the best interests of the minor child to deny petitioner's application to remove the child to Knoxville, Tennessee. The respondent assigns as error in his cross-appeal the ruling by the court that it would be in the best interests of the child to remain in the custody of the petitioner. We reverse on the application to remove and affirm the custody decision.

First, we address respondent's cross-appeal on the issue of custody. In actions seeking modification of the trial court's order as to the custody of children in a marriage dissolution case, this court must, on appeal, review de novo the trial court's determination with regard to whether a change of circumstances has occurred which justifies the modification of the earlier custody order. We are required to make independent conclusions of fact without reference to the conclusion reached by the trial court, but we will give weight to the fact that the trial court observed the witnesses and has accepted one version of the facts rather than the opposite. *Dunne v. Dunne*, 211 Neb. 636, 319 N.W.2d 741 (1982); *Haake v. Haake*, 215 Neb. 889, 341 N.W.2d 911 (1983).

Acting within that scope of review, we affirm the trial court's order denying the respondent's cross-petition seeking custody of the child.

In a modification hearing to determine who should have custody of the children, the paramount consideration is the best interests of the children. *Kuhn v. Kuhn*, 204 Neb. 363, 282 N.W.2d 43 (1979); *Dunne v. Dunne, supra*; *Haake v. Haake, supra*.

Upon reviewing the facts we find that there has not been a

sufficient change of circumstances to warrant a change of custody. It is not in the child's best interest to be placed in the custody of the respondent. The petitioner has adequately cared for their minor child. She is making an attempt to improve her standard of living so that she can provide better care for the child. Since the divorce decree the petitioner has received a certificate as an EEG technologist. She eventually found a position as an EEG technologist that paid much better than her previous employment as a waitress. Although there is evidence that she is not the perfect mother, the petitioner is not unfit to be in custody of the child. There has not been a sufficient change of circumstances to change custody. As we stated in *Dunne, supra* at 644-45, 319 N.W.2d at 745, "orders fixing custody of minor children will not be modified unless there has been a change of circumstances indicating that the person who has custody is unfit for that purpose or that the best interests of the child require such action." See, also, *Haake v. Haake, supra*.

Next we address the issue of whether the trial court correctly ordered that it was not in the child's best interests to allow the petitioner to remove the child to Knoxville, Tennessee. We stated in *Jafari v. Jafari*, 204 Neb. 622, 284 N.W.2d 554 (1979), that the general rule in cases where a custodial parent desires to leave the jurisdiction for any legitimate reason is that the minor children will be allowed to accompany the custodial parent if the court finds it to be in the best interests of the children to continue to live with that parent. In *Campbell v. Campbell*, 156 Neb. 155, 159, 55 N.W.2d 347, 350 (1952), we held: " 'In a divorce case it is generally the best policy to keep minor children within the jurisdiction of the court. However, the welfare of the child should receive the paramount consideration in the determination thereof and this policy should yield to the best interests of the child.' " See, *Jafari v. Jafari, supra*; *Haake v. Haake, supra*.

The trial court, after consideration of the facts, found that the best interests and welfare of the child would be served by denying the petitioner's request to remove the child to Tennessee. We do not agree.

The record reveals substantial evidence indicating that the petitioner had a legitimate reason to move the minor child to

Tennessee. She was attempting to improve her standard of living by obtaining a position as an EEG technologist, a career for which she had just received training. This was a considerable improvement over being unemployed or working as a waitress. The evidence indicates that she had obtained a position in Knoxville, but could not find an opening in her field in the Omaha area. Obtaining employment when unemployed and finding employment with a substantial opportunity for increased earnings are reasonable and legitimate reasons for a custodial parent to move to another jurisdiction.

The trial court found that it was in the best interests of the child to remain in the custody of the petitioner. Based on the opportunities for improvement available to the petitioner in Tennessee, we can find no valid reason why it would not be in the child's best interest to accompany his mother to Knoxville. An improved standard of living would certainly be in the child's best interests. During their temporary stay in Tennessee, the evidence shows that the petitioner found adequate living arrangements and an adequate child care facility, and the child had made friends and was adapting to the move. The respondent alleged that the child's community ties and extended family in the Omaha area were reasons to deny the application to remove the child. Although we realize community ties are important factors to be considered, they do not mandate prohibiting a custodial parent from relocating for a legitimate reason. As we stated in *Gottschall v. Gottschall*, 210 Neb. 679, 680-81, 316 N.W.2d 610, 612 (1982), "We do not feel that an award of custody to a parent should be interpreted as a sentence to immobilization." We will not place a custodial parent in the position of deciding between custody of one's child and a more successful career.

As we view the evidence, recognizing that the trial court observed the witnesses, the petitioner had a legitimate reason which was in the best interests of the child for moving to Tennessee. We therefore reverse the trial court's decision to deny the application for removal.

AFFIRMED IN PART, AND IN PART REVERSED.