BONITA B. PARSONS, APPELLANT, V. ROBERT R. PARSONS,
APPELLEE.

365 N.W.2d 841

Filed April 12, 1985.    No. 84-494.

Timothy J. Pugh of Boland, Mullin & Walsh, for appellant.

Daniel P. Chesire of Kennedy, Holland, DeLacy & Svoboda, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

This is an appeal from the district court's modification of a divorce decree changing the custody of three minor children from the appellant mother to the appellee father. Custody matters are initially entrusted to the sound discretion of the trial judge, which matters, on appeal, will be reviewed de novo on the record and affirmed in the absence of an abuse of the trial judge's discretion. In our de novo review, where the evidence is in conflict, we will give weight to the fact that the trial judge observed and heard the witnesses and accepted one version of the facts rather than another. See *Guggenmos v. Guggenmos*, 218 Neb. 746, 359 N.W.2d 87 (1984). The *Guggenmos* case determined the scope of review of this court in reviewing division of property and awarding of attorney fees in marriage dissolution cases. The same scope of review is now held

applicable in child custody matters in marriage dissolution cases.

On May 9, 1983, a decree was entered dissolving the marriage of the parties and granting custody of the couple's three minor children, ages 9, 8, and 5, to the children's mother, pursuant to an agreement between the parties. On February 1, 1984, Mrs. Parsons, the children's mother, moved the children to California. On February 28, 1984, Mr. Parsons, the children's father, filed a petition to modify the decree, asking the court to grant custody of the three minor children to him, or, in the alternative, to order Mrs. Parsons to return to the jurisdiction with the children, or, in the alternative, to modify the decree to terminate the alimony payments he was required to make to Mrs. Parsons. On April 6, 1984, Mrs. Parsons filed an application for modification of the decree, asking permission of the court to remove herself and the children to California and asking the court to increase the child support and alimony then being paid by Mr. Parsons.

After hearing on April 17, 1984, the court denied Mrs. Parsons' application to move the children to California and determined that a change of circumstances had occurred and that the best interests of the children required that their custody be awarded to the father. Mrs. Parsons filed a motion for new trial, which was overruled by the court on May 29, 1984. She then appealed to this court.

It is obvious both parents love and want to bring up their children and that both are fit parents. Unfortunately, the parents, who best know their situation and most love their children, are unable to agree on where and with whom the children should live. At the time of the hearing Mrs. Parsons was a certified schoolteacher without a job. Her ex-husband, Mr. Parsons, was an accountant and vice president of Lyman-Richey Sand & Gravel Corporation. After the dissolution in Cass County, Mrs. Parsons moved with the children to Omaha from Plattsmouth, where they had resided, to finish out the 1982-83 school term. The children began the 1983-84 school year in the Omaha school system. In January 1984 Mrs. Parsons accepted a job offer in California. She and the three children flew to Rancho Cordova, California, on

February 1, 1984. Mrs. Parsons then enrolled the children in school in Rancho Cordova. At the time of the hearing Mrs. Parsons and the children had been living in California with her uncle for 3 months. Mrs. Parsons' job offer had been unfruitful, and she was without employment at the time of the hearing.

Mrs. Parsons took the children to California without the permission of the court, informing Mr. Parsons of the move 7 days before she left the state. The move effectively eliminated Mr. Parsons' visitation. There was conflicting evidence presented on whether Mr. Parsons had acquiesced in Mrs. Parsons' decision to move and whether Mrs. Parsons was moving the children because she felt they did not need to see their father.

On our review we find that the trial court did not abuse its discretion, either in the denial of Mrs. Parsons' application to move the children or in the court's modification of the divorce decree changing custody to Mr. Parsons, and we affirm.

A divorce decree fixing custody of minor children should not be modified unless there has been a change in circumstances indicating that the person having custody is unfit for that purpose or that the best interests of the children require such action. *Krueger v. Krueger*, 211 Neb. 568, 319 N.W.2d 445 (1982). It was not contended that Mrs. Parsons was unfit to have custody of the children. Therefore, the trial court's ruling is based on the determination that there had been a material change in circumstances indicating that the best interests of the children required a change of custody.

The trial court found that Mrs. Parsons had moved the children to California without the acquiescence of Mr. Parsons. Mrs. Parsons had admitted the move was without the consent of the court. The court further found that the move without consent was a change of circumstances and that it was in the children's best interests to modify custody by granting custody to Mr. Parsons, who remained in Nebraska. Mrs. Parsons claims that the court erred in finding the move by her a sufficient change of circumstances and that the court also erred in finding it was in the best interests of the children to change their custody to Mr. Parsons.

We have held that while it is true that "merely moving [children] out of the state of domicile to another state does not ipso facto constitute a change of circumstances . . . ; nevertheless, when considered in conjunction with other evidence, such a move may well be a change of circumstances which would warrant a modification of the decree." *Marez v. Marez*, 217 Neb. 615, 620, 350 N.W.2d 531, 534 (1984). In this case Mrs. Parsons had moved the children three times in 1 year, and she admitted, although she stated it was not her sole purpose for the move, that she believed the children did not need to see their father and that the farther away the children were from their father the better it would be for the children. There was also testimony to indicate that although Mrs. Parsons testified she did not have time to apply to the court for permission to leave the jurisdiction before she took the children to California, she had planned to move since the date of the dissolution of the marriage and, in fact, had made three trips out to California in the furtherance of that objective.

Mrs. Parsons testified that the children were happy in California, but she also admitted that they were happy in Omaha and that she was the one who was unhappy in Nebraska. She also claimed that she had always encouraged visitation between the children and her ex-husband, but on the day of the April 17 hearing it was clear that she did not inform Mr. Parsons that his eldest son had flown back to Omaha with her 3 days before the hearing, even though he and his son had not seen each other in months. The move to California could be viewed as effectively denying Mr. Parsons visitation rights, and that denial may also be considered by the trial court in determining the best interests of the children. *Murdoch v. Murdoch*, 206 Neb. 327, 292 N.W.2d 795 (1980).

The trial court did not abuse its discretion in denying Mrs. Parsons' application to move the minor children to California. The evidence showed that the children had lived happily in Nebraska for at least 4 years before the move to California and that both grandmothers of the children lived in this state. When Mrs. Parsons filed her application to move the children to California, they were already residing there. Mrs. Parsons had not been gainfully employed since her move, and she and the

children were still living with Mrs. Parsons' uncle at the uncle's home. We cannot say that the lower court abused its discretion in denying permission for Mrs. Parsons to "move" the children, on these facts. Neither did the court abuse its discretion in determining it was in the best interests of the children to change their custody to Mr. Parsons. In our review we reach the same conclusions as did the trial court. The decision of the trial court is affirmed.

AFFIRMED.