GERALD KORF, APPELLEE, v. CYNTHIA L. KORF, APPELLANT.
378 N.W.2d 173

Filed December 13, 1985.   No. 85-270.

Michael N. Schirber of Schirber Law Offices, P.C., for appellant.

Larry F. Fugit, for appellee.

KRIVOSHA, C.J., BOSLAUGH, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

PER CURIAM.

Respondent has appealed from an order of the district court modifying the original decree of dissolution to permit alternating annual shared custody by the parties to their 9-year-old son. We affirm as modified.

On July 23, 1980, a decree of dissolution was entered which granted custody of Brent Korf to the respondent. An application to modify that decree was filed by respondent on October 5, 1984, seeking permission to move with the minor child to Kansas, where respondent was to reside after her remarriage. Petitioner filed an application to modify on October 15, 1984, seeking custody of the minor child himself.

Respondent in fact moved with the minor child to Kansas on October 5, 1984, the same day her application for permission to do so was filed. It was her testimony that she had discussed the proposed move with petitioner some 6 weeks earlier, had talked about visitations, and was under the assumption that everything had been agreed to. However, she testified it was not until October 5 that she found out that her former husband would not sign the papers agreeing to the move.

Both parties profess to love Brent very much, although their actions in dealing with each other tend to tarnish that observation to some degree. In spite of petty bickering by each as to the actions of the other, the care and environment furnished by them separately indicate fitness to have custody.

It was the observation of the trial judge that he was going to ensure that Brent had an equal opportunity to share in a relationship with his father.

A report of the guardian ad litem, received in evidence, made no recommendation relating to custody as between the two parties, but it is apparent that he favored single parent custody with generous visitation rights for the noncustodial party.

Also received in evidence were psychological evaluations which disclosed nothing remarkable in either parent or in Brent. However, Brent disclosed to the psychologist that he (Brent) was comfortable with the present custody arrangements, and he expressed the desire that he remain in the custody of his mother with frequent visits with his father. Brent did volunteer that the then-current visitation arrangements, whereby he made a 16-hour round trip every week, were somewhat stressful.

The district court's order provided for shared, alternate custody between the two parents from July 1 to June 30 each year. The court also provided for alternate weekend visitations with the minor child and the noncustodial parent, which, as previously noted, required a 16-hour round trip. The parents were to meet at a point halfway between petitioner's and respondent's homes each time to effectuate the visitation. The court granted respondent permission to move from the State of Nebraska but denied her request for increased child support.

We view this arrangement as a heroic attempt by the court to preserve the status quo of the parent-child relationship which existed during the marriage. However, this ignores the fact that the parties have chosen to dissolve that marital status. The court, in its order, reminded the respondent that she had twice before unsuccessfully sought to secure the court's permission to remove the child from the jurisdiction, but did accept her third request, in order to get married, to be a sufficient reason for the change.

An award of custody to a parent should not be interpreted as

a sentence of immobilization. A custodial parent will not be placed in a position of deciding between custody of one's child and a different career, be it job-related or matrimonial. *Boll v. Boll*, 219 Neb. 486, 363 N.W.2d 542 (1985).

An award of joint custody of minor children is not favored. Such an award must be reserved for the most rare of cases. *Trimble v. Trimble*, 218 Neb. 118, 352 N.W.2d 599 (1984).

In citing this rule with approval, we are not unmindful of Neb. Rev. Stat. § 42-364(3) (Supp. 1985), which *permits* shared or joint custody only when both parents agree to such arrangements. We hasten to point out that the Legislature has provided that even in those cases where parental agreement or consent exists, the court must still conduct a public hearing on that issue. It must then find that joint custody is in the best interests of the child, *regardless* of agreement or consent by the parents. This is not one of the rare cases where the best interests of the child would be served by shared custody.

From a de novo review of the record, which we are required to do, we find that the order of the district court represented a good faith effort to solve a nearly insolvable situation, but nevertheless must be considered an abuse of discretion, under the circumstances. We see no reason to disturb the custody arrangement which existed during the 5 years following the dissolution. There has been no change in circumstances relating to respondent's fitness to be the custodial parent. We also conclude that alternate weekend visitations are oppressive to both Brent and the parents.

Accordingly, we modify the judgment of the district court and order that permanent custody of Brent be awarded to respondent, effective at the conclusion of the first semester of the 1985-86 school year. Petitioner is granted reasonable rights of visitation in the city of respondent's home, at such times as shall not interfere with Brent's schoolwork and activities, and upon reasonable advance notice to respondent.

In addition thereto: (1) Petitioner shall have visitation of 8 consecutive weeks during the summer vacation, beginning the second Saturday after the conclusion of Brent's regular school year; (2) Petitioner shall be entitled to 1 week's visitation during the Christmas holidays, which shall include Christmas Day

only in each even-numbered year; and (3) Assuming that Brent shall have additional school vacations of 2 or more days during the school year, petitioner shall be entitled to have visitations during two of those periods each year as may be agreed upon by the parties, but respondent shall be entitled to have Brent for Thanksgiving on odd-numbered years and for Easter on even-numbered years. Such visitations may be at such places as the petitioner may decide and shall be at his expense.

The judgment of the district court is modified accordingly.

AFFIRMED AS MODIFIED.