KAYE LEA VANDERZEE, APPELLANT, V. BRIAN KIETH VANDERZEE, APPELLEE.

380 N.W.2d 310

Filed January 24, 1986. No. 85-628.

Stanley D. Cohen and Deborah K. Long, for appellant.

Gary J. Nedved of Bruckner, O'Gara, Keating, Sievers & Hendry, P.C., for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

The petitioner, Kaye Lea Vanderzee, appeals from the order of the district court denying her motion for an order permitting her to remove the parties' minor child to Maryland.

The petitioner and Brian Kieth Vanderzee were divorced in January of 1985. Custody of their minor child, Tyler, was awarded to the petitioner. The decree awarded reasonable rights of visitation to the respondent and, pursuant to the agreement of the parties, specifically provided that he would have Tyler from Sunday at 5 p.m. through Tuesday at 5 p.m., weekly; for a week at Thanksgiving or at Christmas on alternate years; on Father's Day; on other alternate holidays; and for Tyler's birthday on alternate years.

On May 20, 1985, the petitioner filed her motion for permission to remove Tyler from the court's jurisdiction to Maryland. The respondent filed objections and the trial court denied the motion, finding that it was not in the child's best interests to be so removed. Specifically, the court found that because of Tyler's age ($2^1/2$), the desirability of residing in the proximity of his father and grandparents was superior to the petitioner's reason for moving. The court also found that the child's age would prevent the respondent from maintaining his parental relationship over such a physical distance. The petitioner's subsequent motion for new trial was overruled.

On appeal the petitioner contends that the trial court abused its discretion by denying her motion for permission to remove Tyler, because she had demonstrated a legitimate reason for leaving the jurisdiction.

Our review on appeal is de novo on the record, and the judgment of the trial court will not be disturbed in the absence of a clear abuse of discretion. *Parsons v. Parsons*, 219 Neb. 736, 365 N.W.2d 841 (1985). Where the evidence is in conflict, we "give weight to the fact that the trial judge observed and heard the witnesses and accepted one version of the facts rather than another." *Id*. at 736, 365 N.W.2d at 842.

Generally, before the court will permit the removal of a

minor child from the jurisdiction, the custodial parent must satisfy the court that there is a legitimate reason for leaving the state and that it is in the minor child's best interests to continue to live with that parent. *Boll v. Boll*, 219 Neb. 486, 363 N.W.2d 542 (1985). Generally, the best policy in divorce cases is to keep minor children within the jurisdiction, but the welfare of the child is the paramount consideration. *Boll v. Boll, supra.*

While we recognize that "[a]n award of custody to a parent should not be interpreted as a sentence of immobilization," *Korf v. Korf, ante* p. 484, 485-86, 378 N.W.2d 173, 174 (1985), community ties are an important factor to be considered in determining whether to allow a child to be removed from the state. *Boll v. Boll, supra.* The record provides evidence of substantial family ties to grandparents, aunts and uncles, and cousins, all living in or near the State of Nebraska.

The law also contemplates instate visitation by the noncustodial parent. *Gottschall v. Gottschall*, 210 Neb. 679, 316 N.W.2d 610 (1982). The effective denial of visitation rights by removal to another jurisdiction is a factor to be considered in determining the best interests of the child. *Parsons v. Parsons, supra.* The respondent has exercised his substantial visitation rights on a regular basis. Since the move to Maryland would reduce those visits to twice a year, the respondent is justifiably concerned that his relationship with Tyler would suffer as a result.

The petitioner testified that her reason for moving to Maryland is to start a cleaning service with the financial backing of her brother-in-law. She has arranged for full-time employment until her business succeeds. This backup job pays the same hourly wage as the part-time employment she had in Nebraska at the time of trial. While the appellant testified that she knew she could make more money in her new business in Maryland, there is no independent factual basis in the record to support her testimony. In fact, the petitioner has never started a business before, and she did not testify to any previous administrative experience. Unlike the appellant in *Boll v. Boll, supra*, the petitioner failed to show that similar opportunities were unavailable in Nebraska or that her proposed new business would create a substantial opportunity for increased

earnings.

From our review of the record, we find no abuse of discretion by the trial court. The judgment of the district court is affirmed.

AFFIRMED.