GLENDA L. LITTLE, APPELLANT, V. DENNIS E. LITTLE, APPELLEE.
381 N.W.2d 161

Filed February 7, 1986.    No. 85-454.

Clark G. Nichols of Winner, Nichols, Douglas and Kelly, for appellant.

Paul W. Snyder of Van Steenberg, Brower, Chaloupka, Mullin & Holyoke, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

This is an appeal from an order of the district court which modified a previous marriage dissolution decree. We reverse and remand.

The original decree dissolving the marriage of the parties was entered on July 1, 1982. Custody of the minor child, Dana, who is now 8 years old, was awarded to the petitioner, with reasonable rights of visitation in the respondent. Both parties lived in the Scottsbluff area at that time.

Petitioner and her present husband were married on December 31, 1982. Her husband is employed by Frontier Airlines and was transferred to El Paso, Texas, on October 1, 1984, necessitating a move by the petitioner to join her husband. In order to permit Dana to complete the school year on May 30, petitioner did not file her application for permission to move the minor child with her until the spring of 1985.

Following an extensive hearing, the court denied petitioner's application and, instead, granted respondent's application to change custody of the minor child to him. Although concluding that the "nurturing and parenting" qualities of the parties were equal, the trial court found that it was not in the best interests of the child to move to Texas.

As a general rule, all other circumstances being equal, legitimate career changes of the custodial parent, whether they be job-related or matrimonial in nature, will support an application for changing the residence of a child placed in that parent's custody. An award of custody is not a sentence of immobilization. *Korf v. Korf, ante* p. 484, 378 N.W.2d 173 (1985); *Boll v. Boll*, 219 Neb. 486, 363 N.W.2d 542 (1985).

Although it is true that Dana has other relatives in the Scottsbluff area, and such a move will reduce the opportunities for visitation with her father, to deny the move and order a change in custody will terminate the stability of the day-to-day home environment which she has enjoyed and under which she has prospered since the time of her birth.

There has been an insufficient change of circumstances necessary to support a change of custody. The record does disclose good cause to grant the application for a change of

residence.

Following the authority of *Korf* and *Boll, supra,* we are compelled to reverse the judgment of the district court and remand the cause to that court, with directions to enter judgment consistent with these findings and to make such provisions for visitation and support as may be necessary under the circumstances.

REVERSED AND REMANDED WITH DIRECTIONS.