PAUL H. EVENSON, APPELLEE, V. TAMMI L. EVENSON, APPELLANT.

538 N.W.2d 746

Filed October 27, 1995. No. S-94-991.

Brenda L. McCrady for appellant.

Chris A. Johnson, of Conway, Connolly and Pauley, P.C., for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and GERRARD, JJ.

WHITE, C.J.

This is an appeal from actions for modification of a decree of dissolution of marriage. Tammi L. Evenson, now known as Tammi L. Stewart, and Paul H. Evenson separately requested that the joint custody agreement under the original decree be terminated. Both sought sole custody of their child, Shamus Evenson. The district court for Adams County granted Paul Evenson sole custody. The court granted Stewart 6 weeks' visitation during Shamus' summer vacation, and 1 week's visitation during his Christmas vacation. Stewart appeals.

Stewart assigns two errors. She contends that the district court (1) erred in receiving into evidence predivorce hospitalization records and a predivorce petition from the Mental Health Board of the 10th Judicial District concerning Stewart's mental health and (2) erred in awarding Stewart only 6 weeks' visitation each summer and 1 week's visitation each Christmas vacation.

On July 15, 1991, a decree of dissolution of marriage was entered by the district court for Adams County. The decree, incorporating a prior property settlement and joint custody agreement of the parties, provided for Evenson and Stewart to retain joint legal custody of Shamus. Pursuant to the decree, Stewart was to have physical custody the first 6 months of every year, and Evenson was to have physical custody the latter 6 months of every year.

After the parties' dissolution, Stewart moved to New Mexico, and Evenson moved to South Dakota. Both parties are remarried.

On March 16, 1994, Stewart filed an application for modification of decree, seeking sole custody of Shamus and child support. Evenson responded to Stewart's application and also filed his own application for modification of decree, seeking sole custody and child support.

On June 20, Evenson filed a motion to produce, requesting

that the court enter an order requiring two hospitals to release medical records of Stewart regarding her mental and physical condition. The hospitalizations occurred prior to the dissolution of the parties' marriage. The court granted the motion. The hospital records indicated that Stewart had suicidal impulses, self–mutilating impulses, personality disorders, and a history of alcohol abuse.

At the hearing, Evenson sought to introduce these records and examine Stewart regarding her hospitalizations. The district court judge, over objection, allowed the evidence to be admitted, but reserved ruling as to whether he was going to consider it in his final decision. Also admitted at trial was a petition filed with the Mental Health Board of the 10th Judicial District alleging Stewart to be a mentally ill dangerous person.

On August 23, following the full hearing, the judge entered an order stating that there had been a material change of circumstances and that it was in the best interests of the child to grant sole custody to Evenson. Stewart was ordered to pay child support and was allowed 6 weeks' visitation during the summer and 1 week's visitation during Christmas vacation. Stewart appealed.

First, Stewart contends that the district court erred in admitting the evidence regarding her predivorce hospitalizations. She claims that because the parties knew of the evidence at the time of the dissolution and did not present it to the court, the evidence is now inadmissible.

"In a modification hearing to determine who should have custody of the children, the paramount consideration is the best interests of the children." *Boll v. Boll*, 219 Neb. 486, 488, 363 N.W.2d 542, 544 (1985). In regard to the admission of evidence at such a hearing, this court has stated:

> It is discretionary with the trial court whether to admit evidence of facts, existing at the time of the decree and which affect the custody and best interests of children, that were not called to the attention of the trial court at the time of the decree, and this discretion will not be disturbed on appeal unless there is clearly an abuse of discretion.

*Kuhn v. Kuhn*, 204 Neb. 363, 369, 282 N.W.2d 43, 46 (1979). " 'A judicial abuse of discretion exists when reasons or rulings

of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.' " *State v. Trackwell*, 244 Neb. 925, 931–32, 509 N.W.2d 638, 643 (1994). Accord *State v. Riley*, 242 Neb. 887, 497 N.W.2d 23 (1993).

In her medical records, Stewart was diagnosed as having suicidal tendencies and potential mental disorders, among other problems. Exposure to these characteristics can certainly affect a child, and that evidence is worthy of consideration in determining the best interests of the child with regard to custody. The court did not abuse its discretion.

Second, Stewart contends that the district court erred by not awarding her visitation for the full duration of Shamus' summer vacation from school. This court has consistently held that "in a dissolution of marriage action, determinations concerning visitation with a minor are initially entrusted to the discretion of the trial judge, whose determinations, on appeal, will be reviewed de novo on the record and affirmed in the absence of abuse of the trial judge's discretion." *Rosse v. Rosse*, 244 Neb. 967, 969, 510 N.W.2d 73, 76 (1994). Accord *Hickenbottom v. Hickenbottom*, 239 Neb. 579, 477 N.W.2d 8 (1991). Even though the trial court's determination is reviewed de novo, weight is given to the fact that the trial court observed the witnesses and has accepted one version of the facts rather than the other. *Hickenbottom, supra.*

The district court heard testimony from both of Shamus' parents, Stewart's husband, Evenson's then fiance, and both maternal and paternal grandparents. The court concluded that 6 weeks' summer visitation and 1 week's Christmas visitation were appropriate. When reviewing the record, we find that the judge did not abuse his discretion in granting only 6 weeks' visitation in the summer.

The judgment of the district court is affirmed.

AFFIRMED.

CONNOLLY, J., not participating.