of the caller are cited as factors inconsistent with restraint. *Id*. We agree that these are relevant considerations.

Given the voluntariness with which Avey returned to the scene and the facts surrounding the telephone call, in the present case, we conclude there was no seizure. Fourth Amendment protections were not triggered, and there was no constitutional violation requiring suppression of evidence.

CONCLUSION

We conclude that under the facts as found by the county court, Avey was not seized for Fourth Amendment purposes, and that therefore, the county court did not err when it overruled his motion to suppress and the district court did not err when it affirmed this ruling. We affirm the district court's decision which affirmed Avey's convictions and sentences.

AFFIRMED.

––––––––––––––––

MICHAEL DANIELS, APPELLEE, V. RUBY
MALDONADO-MORIN, APPELLANT.
___ N.W.2d ___

Filed May 30, 2014.    No. S-13-738.

1. **Summary Judgment: Appeal and Error.** An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law.

2. ____: ____. In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted, and gives that party the benefit of all reasonable inferences deducible from the evidence.

3. **Parental Rights: Child Custody.** The custodial parent has the right to travel between states and the right to migrate, resettle, find a new job, and start a new life.

4. **Child Custody.** To prevail on a motion to remove a minor child to another jurisdiction, the custodial parent must first satisfy the court that he or she has a legitimate reason for leaving the state. After clearing that threshold, the custodial parent must next demonstrate that it is in the child's best interests to continue living with him or her.

5. ____. The paramount consideration on a motion to remove a child to another jurisdiction is whether the proposed move is in the best interests of the child.

6. **Child Custody: Visitation.** In considering a motion to remove a child to another jurisdiction, the purpose of requiring a legitimate reason is to prevent the custodial parent from relocating the child because of an ulterior motive, such as frustrating the noncustodial parent's visitation rights.

7. **Child Custody.** Absent aggravating circumstances, the Nebraska Supreme Court has held that career advancement of the parent, career advancement of the new spouse, and the desire to form a new family unit through remarriage are legitimate reasons to remove a child to another jurisdiction.

8. \_\_\_\_. Absent evidence of an ulterior motive, a custodial parent's desire to live with his or her current spouse, who is located outside of the custodial jurisdiction, is a legitimate reason to remove the minor child.

Appeal from the District Court for Douglas County: Thomas A. Otepka, Judge. Reversed and remanded for further proceedings.

George T. Babcock, of Law Offices of Evelyn N. Babcock, and Mark John Malousek for appellant.

John F. Eker III for appellee.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

McCormack, J.

### NATURE OF CASE

Ruby Maldonado-Morin seeks to remove her biological child, Deonte Daniels, to Mexico to live with her husband of 12 years, who was recently deported. Michael Daniels (Daniels), Deonte's biological father, has joint legal custody and resists the removal. Upon Daniels' motion for summary judgment, the district court found as a matter of law that Maldonado-Morin did not have a legitimate reason to remove Deonte to Mexico and dismissed her countercomplaint. Maldonado-Morin now appeals.

### BACKGROUND

Daniels and Maldonado-Morin are the biological parents of Deonte, who was born in 1999. In 2004, the district court granted Daniels and Maldonado-Morin joint legal custody of Deonte. Since his birth, Deonte has lived primarily with Maldonado-Morin.

In 2001, Maldonado-Morin married Jose Morin. Maldonado-Morin and Morin are the biological parents of two children, born in 2004 and 2005. According to Maldonado-Morin, Morin has been in Deonte's life since 2001 and treats Deonte as his own son.

In 2013, Daniels filed a "Complaint to Modify" seeking sole care, custody, and control of Deonte. In his complaint, Daniels alleged that there has been a material change in circumstance, because Morin had been deported to Mexico and Maldonado-Morin had announced that she and Deonte would join Morin in Mexico.

Maldonado-Morin answered and filed a countercomplaint. In her countercomplaint, Maldonado-Morin requested permission to permanently remove Deonte to Mexico. She alleged that Morin had been deported to Mexico and that it would be in Deonte's best interests to move to Mexico with her.

Daniels filed a motion for summary judgment on Maldonado-Morin's countercomplaint. The district court granted the motion. In its order, the district court found that Maldonado-Morin sought removal to be with Morin in Mexico. The district court found as a matter of law that Maldonado-Morin's reason was not a legitimate reason for removal. Having found that the threshold test of legitimate reason for removal had not been met, the district court did not address whether the move was in Deonte's best interests.

## ASSIGNMENTS OF ERROR

Maldonado-Morin assigns that the district court erred in granting the motion for summary judgment and in dismissing her countercomplaint.

## STANDARD OF REVIEW

[1,2] An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a

matter of law.[1] In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted, and gives that party the benefit of all reasonable inferences deducible from the evidence.[2]

## ANALYSIS

The only issue presented by this appeal is whether Maldonado-Morin's desire to live with her deported husband is a legitimate reason for removing Deonte from the state. We cannot say, as a matter of law, that Maldonado-Morin's desire to live with her deported husband is not a legitimate reason for removal. Her husband's deportation, in and of itself, does not legally prevent a finding that she had a legitimate reason for the removal.

[3] The proper starting point for legal analysis when the State is involved in family relations is always the fundamental constitutional rights of a parent.[3] The custodial parent has the right to travel between states and the right to "migrate, resettle, find a new job, and start a new life."[4] We have stated that an award of custody is not and should not be a sentence of immobilization.[5] Both parents, custodial and noncustodial, also have the constitutional right to the care, custody, and control of their children.[6]

[4,5] Therefore, to prevail on a motion to remove a minor child to another jurisdiction, the custodial parent must first

---

[1] *C.E. v. Prairie Fields Family Medicine*, 287 Neb. 667, 844 N.W.2d 56 (2014).

[2] *Id*.

[3] *In re Interest of Xavier H.*, 274 Neb. 331, 740 N.W.2d 13 (2007).

[4] *Shapiro v. Thompson*, 394 U.S. 618, 629, 89 S. Ct. 1322, 22 L. Ed. 2d 600 (1969), *overruled on other grounds, Edelman v. Jordan*, 415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974).

[5] See, *Korf v. Korf*, 221 Neb. 484, 378 N.W.2d 173 (1985); *Boll v. Boll*, 219 Neb. 486, 363 N.W.2d 542 (1985).

[6] *Troxel v. Granville*, 530 U.S. 57, 120 S. Ct. 2054, 147 L. Ed. 2d 49 (2000).

satisfy the court that he or she has a legitimate reason for leaving the state.[7] After clearing that threshold, the custodial parent must next demonstrate that it is in the child's best interests to continue living with him or her.[8] The paramount consideration is whether the proposed move is in the best interests of the child.[9]

[6-8] The purpose of requiring a legitimate reason is to prevent the custodial parent from relocating the child because of an ulterior motive, such as frustrating the noncustodial parent's visitation rights.[10] Absent aggravating circumstances, we have held that career advancement of the parent,[11] career advancement of the new spouse,[12] and the desire to form a new family unit through remarriage are legitimate reasons to remove a child to another jurisdiction.[13] Our precedent has recognized that absent evidence of an ulterior motive, a custodial parent's desire to live with his or her current spouse, who is located outside of the custodial jurisdiction, is a legitimate reason to remove the minor child.[14] These reasons do not compose the exclusive list of legitimate reasons.[15]

It is conceded by both parties that Maldonado-Morin's reason for wanting to remove Deonte is to live with Morin in

---

[7] *Kalkowski v. Kalkowski*, 258 Neb. 1035, 607 N.W.2d 517 (2000).

[8] *Vogel v. Vogel*, 262 Neb. 1030, 637 N.W.2d 611 (2002).

[9] See *id*.

[10] See *Farnsworth v. Farnsworth*, 257 Neb. 242, 597 N.W.2d 592 (1999).

[11] *McLaughlin v. McLaughlin*, 264 Neb. 232, 647 N.W.2d 577 (2002); *Kalkowski v. Kalkowski, supra* note 7; *Farnsworth v. Farnsworth, supra* note 10.

[12] *Vogel v. Vogel, supra* note 8; *Harder v. Harder*, 246 Neb. 945, 524 N.W.2d 325 (1994).

[13] See, *Jack v. Clinton*, 259 Neb. 198, 609 N.W.2d 328 (2000); *Harder v. Harder, supra* note 12; *Gerber v. Gerber*, 225 Neb. 611, 407 N.W.2d 497 (1987); *Maack v. Maack*, 223 Neb. 342, 389 N.W.2d 318 (1986).

[14] See, *McLaughlin v. McLaughlin, supra* note 11; *Vogel v. Vogel, supra* note 8; *Jack v. Clinton, supra* note 13; *Kalkowski v. Kalkowski, supra* note 7; *Harder v. Harder, supra* note 12; *Gerber v. Gerber, supra* note 13; *Maack v. Maack, supra* note 13.

[15] *Jack v. Clinton, supra* note 13.

Mexico. At this stage, given the state of the record and the requirement that we view the evidence most favorably to Maldonado-Morin, we cannot conclude as a matter of law that she had no legitimate reason for the removal. The district court ruled, in effect, that deportation of a custodial parent's husband can never be a legitimate reason for removal. We disagree. Further, we find that the reasons for Morin's deportation are largely irrelevant unless the circumstances indicate that Maldonado-Morin is seeking to remove Deonte in order to frustrate Daniels' custody and visitation rights. Such evidence, if presented to the district court, could certainly preclude the existence of a legitimate reason for removal.

But at this stage, no such evidence is before us. We find, viewing the facts in a light most favorable to Maldonado-Morin, that the record demonstrates Maldonado-Morin's husband of over 12 years has been forced to move to Mexico and that Maldonado-Morin wants herself, Deonte, and Morin's biological children to live with him. In that sense, this case is no different than a custodial parent's wanting to move to another jurisdiction to live with a new spouse or a custodial parent whose current spouse is required by his or her employment to move. Therefore, the district court erred in finding as a matter of law that wanting to live with a deported husband cannot be a legitimate reason.

Daniels argues that our precedent requires financial improvement for a reason to relocate to be legitimate. We disagree. Often the reason for relocation is to improve employment, but our precedent does not limit a custodial parent's legitimate reason for removing a child to financial considerations.[16]

Daniels also argues that Morin's deportation was necessarily caused by a bad act. He asserts that we should not allow the bad acts of the custodial parent's new spouse to create a legitimate reason for removal. Although we understand Daniels' concern, Morin's deportation does not alone demonstrate that Maldonado-Morin sought removal to interfere or impede with Daniels' parental and custodial rights.

---

[16] See, e.g., *id*.; *Farnsworth v. Farnsworth, supra* note 10.

Therefore, we hold that the district court erred in finding as a matter of law that Maldonado-Morin did not have a legitimate reason for relocation. We remand this cause for a trial upon the merits of Maldonado-Morin's countercomplaint and Daniels' "Complaint to Modify."

## CONCLUSION

The district court erred in its determination that Maldonado-Morin's desire to live with Morin in Mexico is not a legitimate reason for removal as a matter of law. We reverse the court's order and remand the cause for further proceedings consistent with this opinion.

Reversed and remanded for further proceedings.

Connolly, J., concurring.

I concur in the judgment of the majority opinion. I write separately because I disagree with a key overly broad statement in the opinion that could create confusion in our removal jurisprudence. I agree that the court erred in determining that Morin's deportation, in itself, was an illegitimate reason to remove Deonte from the country and that the cause must be remanded for further proceedings. But I disagree with the statement that "the reasons for Morin's deportation are largely irrelevant unless the circumstances indicate that Maldonado-Morin is seeking to remove Deonte in order to frustrate Daniels' custody and visitation rights."

In my opinion, this statement is too broad, particularly when the removing parent wants to remove a child from the country to live with a new spouse who has been deported. I recognize that some of our cases have made broad statements about a removal's being "required by the custodial parent's remarriage."[1] But the reason that the remarriage required removal in those cases was the new spouse's occupation or business in another jurisdiction, which is not the case here. Similarly, we have held that a new spouse's enhanced career opportunities in a new location are a legitimate reason to

---

[1] See *Gerber v. Gerber*, 225 Neb. 611, 619, 407 N.W.2d 497, 503 (1987).

remove a child out of jurisdiction.[2] The only case in which we did not discuss the new spouse's out-of-state employment or business was a 1-page per curiam opinion.[3] And our records of the case show that the new spouse was employed as the manager of an out-of-state business.

But if—as the majority opinion implicitly concludes—the only *illegitimate* reason for removing a child from Nebraska is the removing parent's desire to frustrate the other parent's visitation or custody rights, then trial courts should dispense with the legitimate reason inquiry. First, the removing parent could always claim that either she or her new spouse had always wanted to live in the new location, thereby rendering the inquiry irrelevant. Second, the custodial parent's motive for the removal is already a factor under the best interests component of the test in *Farnsworth v. Farnsworth*.[4] If a parent's desire to frustrate the other parent's rights is the *only* consideration in determining whether a legitimate reason exists, then the inquiry is a redundant component of the removal test.

But I do not agree that the legitimate reason inquiry should be redundant. For example, if a custodial parent's new spouse had a successful business in a different state but was a convicted child molester, I do not believe that the custodial parent's desire to live with the new spouse would constitute a legitimate reason to remove the child—even if the parent was not trying to frustrate the other parent's rights. Similarly, I would not agree that the custodial parent had a legitimate reason to remove a child to live with a new spouse who was unemployed if the custodial parent had no realistic opportunity to improve his or her own career at the new location. I believe these scenarios would take our case law further than intended.

It seems to me that the majority's reasoning—removal is largely irrelevant absent a desire to frustrate the other parent's

---

[2]  See *Harder v. Harder*, 246 Neb. 945, 524 N.W.2d 325 (1994).

[3]  See *Maack v. Maack*, 223 Neb. 342, 289 N.W.2d 318 (1986).

[4]  See *Farnsworth v. Farnsworth*, 257 Neb. 242, 597 N.W.2d 592 (1999).

rights—is particularly troublesome when the custodial parent's new spouse was deported from the country. First, when people who are illegally in the country marry a U.S. citizen, they can sometimes adjust their status and remain in the country.[5] Here, we do not know whether this option was available or even attempted. Second, we do not know whether the spouse was removed because of a deportable criminal conviction.[6]

If the new spouse made no attempt to resist removal when status adjustment was available, would we still conclude that the custodial parent had a legitimate reason to remove the child from the country? What if the spouse was deported because of a conviction for sexual abuse of a minor[7] or drug dealing[8]? In my opinion, these possibilities illustrate that a court must consider the reason for a new spouse's deportation when determining whether the custodial parent has a legitimate reason to remove a child to live with that spouse. And if the only response to these concerns is that they fall under the best interests component of the test, then the inquiry into a legitimate reason for removal is irrelevant.

In sum, I do not believe that the bare desire to live with a new spouse is sufficient—standing alone—to conclude that a parent requesting removal does, or does not, have a legitimate reason for the request.

---

[5] See, 8 U.S.C. §§ 1153 and 1154 (2006 & Supp. V 2011); *Williams v. Secretary, U.S. Dept. of Homeland Sec.*, 741 F.3d 1228 (11th Cir. 2014).

[6] See 8 U.S.C. § 1227(a)(2) (2006 & Supp. V 2001).

[7] *U.S. v. Vidal-Mendoza*, 705 F.3d 1012 (9th Cir. 2013).

[8] *Gutierrez v. U.S.*, No. 13-10990, 2014 WL 1227482 (11th Cir. Mar. 26, 2014).