LARRY R. DEMERATH, APPELLANT, V. DELORES A. DEMERATH, APPELLEE.

444 N.W.2d 325

Filed August 18, 1989.    No. 87-723.

Larry R. Demerath, pro se.

James J. Frost, of North & Black, P.C., for appellee.

BOSLAUGH, CAPORALE, and GRANT, JJ., and SPRAGUE and MULLEN, D. JJ.

PER CURIAM.

Larry R. Demerath appeals a judgment of the district court for Douglas County authorizing his former wife, Delores A. Demerath, to remove the children from the state.

"Generally, before the court will permit the removal of a minor child from the jurisdiction, the custodial parent must satisfy the court that there is a legitimate reason for leaving the state and that it is in the minor child's best interests to continue to live with that parent." *Vanderzee v. Vanderzee*, 221 Neb. 738, 739-40, 380 N.W.2d 310, 312 (1986); *Maack v. Maack*, 223 Neb. 342, 389 N.W.2d 318 (1986). The record shows that Delores has remarried and that she and her new husband wish to move to another state for business reasons.

> "As a general rule, all other circumstances being equal, legitimate career changes of the custodial parent, whether they be job-related or matrimonial in nature, will support an application for changing the residence of a child placed in that parent's custody." . . . If there is a legitimate reason

for the custodial parent's decision to leave the jurisdiction, the minor child will be allowed to accompany the custodial parent if the court finds it to be in the best interests of the child to continue to live with that parent. . . . Custody is not to be interpreted as a sentence to immobility.

(Citations omitted.) *Hicks v. Hicks*, 223 Neb. 189, 195, 388 N.W.2d 510, 515 (1986).

Based on our de novo review of the record, we conclude that allowing Delores to retain custody and remove the children is consistent with the best interests of the children. The trial court did not abuse its discretion in granting Delores' motion. In the absence of an abuse of discretion, a trial court's decision bearing upon the custody of minor children will not be disturbed on appeal. *Maack v. Maack, supra.*

The decision of the district court is affirmed.

AFFIRMED.