KATHLEEN BELITZ, APPELLEE, V. JOHN F. BELITZ, JR., APPELLANT.

587 N.W.2d 709

Filed January 12, 1999.   No. A-98-173.

Michael S. Degan, of Lamson, Dugan & Murray, for appellant.

John A. Kinney, of Frost, Meyers, Guilfoyle & Govier, for appellee.

IRWIN, Chief Judge, and HANNON and SIEVERS, Judges.

IRWIN, Chief Judge.

## I. INTRODUCTION

John F. Belitz, Jr., appeals from a decree dissolving his marriage to Kathleen Belitz. On appeal, John challenges portions of the decree which awarded custody of the parties' three minor children to Kathleen; granted Kathleen permission to remove the children from Nebraska to Chicago, Illinois; and allegedly restricted his visitation rights. John asserts the district court abused its discretion in each of these respects. Because we conclude there was no abuse of discretion, we affirm.

## II. BACKGROUND

John and Kathleen were married in June 1993. After their marriage, the couple moved into the basement of John's parents' residence in Omaha. In the spring of 1994, the couple opened a chiropractic clinic in Omaha, where they intended to work together. In May 1996, the couple moved into another house in Omaha owned by John's parents, where they continued to live rent free for the duration of the marriage.

During the marriage, three children were born to John and Kathleen. Kaitlin was born in October 1994, Kristin was born in March 1996, and Katherine was born in July 1997. After Kaitlin's birth, Kathleen stayed at home and was the primary caregiver to the children, while John was the primary income earner. The record reflects that both parents participated in raising the children.

According to the evidence at trial, both John and Kathleen served as loving parents to the children. Kathleen stayed at home with the children and basically stopped working in the chiropractic clinic. John arranged his schedule at the clinic so that he could spend a long lunch hour with the children every day, and also spent every Thursday morning with the children, in addition to time spent with them when he was not working. There was no dispute that both John and Kathleen were fit parents.

In August 1997, Kathleen filed for divorce. Kathleen also filed for permission to remove the children to Chicago. Kathleen testified that she had a job opportunity in Chicago that would allow her to work part time and still be able to support

the children, and that she had family and friends in the Chicago area. The court refused to grant permission to leave the jurisdiction prior to trial and ruled that the issue of removal of the children from the jurisdiction would be heard at the time of trial.

On January 27, 1998, the court entered a decree of dissolution. The court awarded Kathleen custody of the children and granted her request to remove the children to Illinois. The court granted John reasonable visitation rights, including but not limited to one weekend per month, 45 continuous days in the summer, and alternating holidays. The court also ordered child support. John filed this timely appeal.

## III. ASSIGNMENTS OF ERROR

On appeal, John has assigned three errors. First, John asserts that the district court abused its discretion in granting Kathleen leave to remove the children from Nebraska to Illinois. Second, John asserts that the district court abused its discretion in awarding sole custody of the children to Kathleen. Finally, John asserts that the district court abused its discretion in restricting his visitation rights.

## IV. ANALYSIS

### 1. STANDARD OF REVIEW

In actions for dissolution of marriage, an appellate court reviews the case de novo on the record to determine whether there has been an abuse of discretion by the trial judge. *Davidson v. Davidson*, 254 Neb. 656, 578 N.W.2d 848 (1998); *Venter v. Venter*, 249 Neb. 712, 545 N.W.2d 431 (1996). A judicial abuse of discretion exists when the trial judge's reasons or rulings are clearly untenable such as to unfairly deprive a litigant of a substantial right and a just result. *Davidson v. Davidson*, 254 Neb. 357, 576 N.W.2d 779 (1998); *Ainslie v. Ainslie*, 249 Neb. 656, 545 N.W.2d 90 (1996).

In a review de novo on the record in a divorce case, an appellate court reappraises the evidence as presented by the record and reaches its own independent conclusions with respect to the matters at issue. *Tyler v. Tyler,* 253 Neb. 209, 570 N.W.2d 317 (1997); *Connealy v. Connealy,* 7 Neb. App. 117,

578 N.W.2d 912 (1998). If the evidence as presented by the record is in conflict, an appellate court considers, and may give weight to, the fact that the trial court had the opportunity to hear and observe the witnesses and accepted one version of the facts rather than another. *Thiltges v. Thiltges*, 247 Neb. 371, 527 N.W.2d 853 (1995).

### 2. REMOVAL OF CHILDREN

The first issue, and the primary issue in John's appeal, concerns the district court's decision to grant Kathleen leave to remove the children from Nebraska and take them to Illinois.

### (a) Governing Principles

In reviewing a trial court's granting of a motion for leave to remove children from the jurisdiction, we are governed by the following proposition of law: The custodial parent has the burden of proving to the court that there is a legitimate reason for leaving the state and that it is in the minor child's best interests to continue to live with that parent, before a court will permit the removal of a child from the jurisdiction. *Farnsworth v. Farnsworth*, 6 Neb. App. 597, 576 N.W.2d 476 (1998). See, *Harder v. Harder*, 246 Neb. 945, 524 N.W.2d 325 (1994); *Demerath v. Demerath*, 233 Neb. 222, 444 N.W.2d 325 (1989); *Boll v. Boll*, 219 Neb. 486, 363 N.W.2d 542 (1985); *Jafari v. Jafari*, 204 Neb. 622, 284 N.W.2d 554 (1979). The paramount question is whether the move is in the best interests of the child. See *id.*

### (b) Legitimate Reason for Move

As indicated above, a custodial parent must first prove to the court that there is a legitimate reason for leaving the state. *Harder, supra*; *Farnsworth, supra*. Kathleen's justifications for changing her and the children's home from Omaha to Chicago may be summarized as follows: (1) She has a career opportunity in her brother's chiropractic clinic and (2) her family and friends are all in Chicago, while she has basically no ties to Omaha other than John and John's family.

Kathleen testified that she wanted to find part-time employment which would accommodate her desire to continue breastfeeding Katherine, as well as spend time with the children.

Kathleen is a chiropractor. According to Kathleen's testimony, she made inquiries to look for employment in Omaha, but there were few opportunities and the available opportunities were all for full-time employment. Conversely, she testified that her brother operates a chiropractic clinic in Chicago, where she had previously worked and previously had clients, and that he had offered her a position to work in his clinic on a part-time basis at a salary of $25,000 plus the opportunity to earn more with bonuses.

The record indicates that Kathleen was raised in the Chicago area and that she has substantial family ties to the Chicago area. Additionally, Kathleen worked in her brother's clinic in Chicago after she graduated from college, she had patients in the clinic in Chicago who would be willing to return to her if she returned to Chicago, and she would be able to work part time in the clinic in Chicago and earn a salary to support her children. Additionally, Kathleen has family and friends in the Chicago area from which to build a client base. Kathleen worked in the clinic in Omaha for only a short time before the parties' first child was born, has basically no family or friends in Omaha from which to build her own client base, and testified that she could not find comparable employment in the Omaha area to the opportunity she has in Chicago.

John testified that he would be willing to allow Kathleen to work part time in the clinic here in Omaha and that he would be willing to stay completely out of the office while she was there. He cites us to our recent decision in *Farnsworth, supra*, as support to argue that Kathleen failed to demonstrate that she could not find suitable employment in Omaha. We do not agree that an opportunity to work in the clinic in Omaha provides a suitable alternative. According to the record, with John working full time in the clinic, the clinic is making very little money every month. As such, the opportunity to work in the clinic part time does not afford Kathleen any opportunity to earn a living to support the children. Additionally, there is no evidence in this record to suggest that comparable employment to the opportunity in Chicago exists in Omaha. Compare *Farnsworth, supra.*

In the present case, we conclude that Kathleen has satisfied her burden of demonstrating a legitimate basis for removing the

children from the state. She has demonstrated that she has an employment opportunity in Chicago for which there is nothing comparable in Omaha, as well as friends and family to help her develop a career. The circumstances of this case demonstrate that Kathleen has a legitimate reason for removing the children to Chicago.

### (c) Best Interests

We also conclude that a move to Chicago with Kathleen is in the best interests of the children. As indicated above, the best interests of the child are the paramount question in cases such as the one before us. See *Harder v. Harder*, 246 Neb. 945, 524 N.W.2d 325 (1994). Kathleen has demonstrated that she is motivated to move by the opportunity to establish a successful career, to be near her family and friends, and to become able to support her children without continued reliance on others. When considering that the parties' chiropractic clinic in Omaha has never consistently made money and that Kathleen has an opportunity to join an established practice and earn a secure income, the move to Chicago provides an opportunity for Kathleen to improve the quality of life for her and the children.

Certainly John's motives for resisting the move are to be lauded, as John is primarily concerned with the effect such a move will have on his opportunity to spend time with the children. Obviously, John, who has had significant regular contact with the children, will not be able to spend as much time with them as he is accustomed. However, the expert testimony at trial established that John would still be able to adequately bond with the children through the allowable visitation. Kathleen testified that she would be willing to bear the cost of transporting the children back to Omaha once a month to see John and that John could certainly come to Chicago to visit the children whenever he desired. It is apparent to us that John's reasonable visitation rights can coexist with the children's leaving the state with Kathleen.

### (d) Resolution

In the present case, Kathleen has demonstrated a legitimate reason for leaving the state. In addition, she has demonstrated that the best interests of the children will be served by allowing

them to remain with her and move with her to Chicago. As such, we do not find an abuse of discretion by the district court in granting the request for removal. This assigned error is without merit.

### 3. CUSTODY

John asserts on appeal that the court abused its discretion in awarding custody to Kathleen. John does not assert that he is a more suitable parent, but, rather, John concedes in his brief on appeal that the record reflects that both parties are qualified and fit parents. Additionally, John asserts that he would be willing to concede custody if Kathleen remained in Omaha, but that if she insists on wanting to return to Chicago, then he would like custody. As discussed above, Kathleen's career and family opportunities in Chicago demonstrate that the best interests of the children will be served by them remaining with her and going to Chicago with her. As such, we find no abuse of discretion in the district court's granting of custody to Kathleen. This assigned error is without merit.

### 4. VISITATION

John asserts that the district court erred in restricting his visitation. We think it is important to note the court's visitation order in connection with Kathleen's testimony at trial. The court ordered that John receive "reasonable and liberal rights of visitation, including *but not necessarily limited to*" one weekend per month, 45 continuous days in the summer, and alternating holidays. (Emphasis supplied.) Kathleen testified that she was willing to accommodate more than this minimum amount set forth in the decree, and even testified that she would be willing to transport the children to Omaha once per month. Additionally, Kathleen testified that John could visit the children any time he wished in Chicago. We do not find the visitation schedule set forth in the decree, which delineates the minimum visitation that is to take place but allows for more visitation, to be an abuse of discretion. This assigned error is without merit.

### V. CONCLUSION

We find no merit to John's assigned errors. The district court did not abuse its discretion in allowing the children to be

removed from the jurisdiction, in awarding custody to Kathleen, or in awarding the visitation provided in the decree. As such, we affirm the decree.

AFFIRMED.